**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

GLEN HARRISON, #234071,

      Petitioner,

v.                                       Case No. 07-CV-11165
                                        Honorable George Caram Steeh
                                        Magistrate Judge Steven D. Pepe

BLAINE LAFLER,

      Respondent.
_____/

**OPINION & ORDER DENYING PETITION FOR WRIT OF HABEAS
CORPUS, DENYING CERTIFICATE OF APPEALABILITY AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS***

Petitioner, Glen Harrison, is a state inmate currently incarcerated at Carson City Correctional Facility in Carson City, Michigan. Petitioner was convicted after his Oakland County Circuit Court jury trial of first-degree child abuse, Mich. Comp. Laws §750.136b(2). He was sentenced as a fourth habitual offender pursuant to Mich. Comp. Laws §769.12, and was sentenced to twelve to thirty years' imprisonment.

Petitioner has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. §2254. For the reasons that follow, the Court will deny the petition.

**I. BACKGROUND**

The state appellate court in this case set forth underlying facts, which are presumed correct on habeas review, *see Monroe v. Smith,* 197 F. Supp.2d 753, 758 (E.D. Mich. 2001), *aff'd* . 41 Fed. App'x. 730 (6th Cir. 2002), as follows in pertinent part:

> This case involves defendant's actions toward complainant, the three-year-old son of his live-in girlfriend. The injuries occurred when defendant's girlfriend left her children alone with defendant. Complainant sustained severe multiple lesions to his thighs and buttocks, and a broken finger, along with other bruises, and scratches. Some of the wounds became infected, and the complainant suffered scarring. Harrison maintained that the injuries were due to his attempts to discipline complainant.

*People v. Harrison,* No: 253245, 2005 WL 1876377, *1, (Mich. Ct. App. Aug. 9, 2005).

Following Petitioner's conviction, he filed a direct appeal with the Michigan Court of Appeals raising the following claims:

> "I. The trial court abused its discretion where it scored 50 points for offense variable 7 - aggravated physical abuse - and 10 points for offense[ ] variable 10 - exploitation of victim vulnerability. These errors in the scoring of the offense variables resulted in a significant increase in the recommended minimum sentence. The matter should be remanded for resentencing.

Petitioner also filed a supplemental brief while his direct appeal was pending and raised the following issues:

> "I. Was defendant denied his right against self-incrimination by the introduction of his statement obtained in violation of *Miranda.* U.S. Const Am V, XIV; Mich Const Art I. Sec 17, 20.
>
> II. The failure of defendant's trial attorney to object to several errors during the course of trial was ineffective assistance of counsel which deprived defendant of his Sixth and Fourteenth Amendment rights to the effective assistance of counsel."

The Michigan Court of Appeals affirmed Petitioner's conviction. *Id.*

Petitioner then sought leave from the Michigan Supreme Court raising the same three issues presented before the Michigan Court of Appeals. Relief was denied "because we were not persuaded that the questions presented should be reviewed by this Court." *People v. Harrison,* No. 129390; 474 Mich. 1025; 708 NW2d 427 (2006)(table).

Petitioner has now filed a petition for writ of habeas corpus raising the same three issues.

## II.  STANDARD

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel.  *See Wiggins v. Smith,* 539 U.S. 510, 520 (2003).

As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law.  *Franklin v. Francis,* 144 F.3d 429, 433 (6th Cir. 1998).  Mere error by the state court will not justify issuance of the writ; the state court's application of federal law "must have been objectively unreasonable." *Wiggins,* 539 U.S. at 520-21 (quoting *Williams v. Taylor,* 529 U.S. 362, 409 (2000) (internal quotes omitted)).  Additionally, this Court must presume the correctness of state court

factual determinations. 28 U.S.C. §2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold,* 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous"). The Supreme Court explained the proper application of the "contrary to" clause:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of §2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409.

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law. . . . Under §2254(d)(1)'s "unreasonable application" clause, then a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409, 410-11; *see also Davis v. Coyle,* 475 F.3d 761, 766 (6th Cir. 2007); *King v.*

4

*Bobby,* 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell,* 408 F.3d 823, 828-29 (6th Cir. 2005); *Rockwell v. Yukins,* 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

## III. DISCUSSION

### A. Sentencing Errors Regarding OV 7 and OV 10

#### 1. Record Evidence & State Law Analysis

Specifically, Petitioner first claims that the trial court erred in scoring fifty points for offense variable seven (OV 7), which applies to aggravated physical abuse[1] because:

> [t]estimony from Mr. Harrison and Addison, [the complainant] showed that the injuries were inflicted on one occasion. Regardless of how many instances of abuse may have occurred, the prosecutor must establish that Mr. Harrison's behavior sunk to the level of sadism, torture, excessive brutality or conduct designed to substantially increase the fear and anxiety the victim suffered during the offense. The prosecutor failed to establish any of the listed elements.

(Pet. Attach. A). The Michigan Court of Appeals disagreed finding as follows:

> The extensive nature of complainant's injuries supports a finding of excessive brutality. In addition, the evidence presented, including defendant's own trial testimony, supported a finding that the beatings were given on multiple occasions. Although Harrison maintained that he was attempting to discipline complainant for various transgressions, the repetitive nature of the injuries also supports a finding of sadism. Harrison provides no support for his argument that his actions are somehow mitigated by the fact that a conviction for first-degree child abuse requires the victim to have suffered serious physical harm. We find no error in the trial court's scoring of OV7.

*Harrison,* No. 253245, 2005 WL 1876377, *1. The Court agrees. The testimony of Dr. Damanjit Sooch[2], a prosecution expert witness in emergency medicine; the testimony of

---

[1] "Score offense variable 7 [50 points if] [a] victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." Mich. Comp. Laws §777.37(1)(a)

[2] Tr., Vol. II, 10/28/03, pp. 14 - 32.

5

Dr. Paula Chorazy[3], a critical care physician at Providence Hospital; and Petitioner's own trial testimony,[4] support the decision of the Michigan Court of Appeals and the requirements of an OV 7 offense warranting a score of fifty points.

Next Petitioner asserts that the trial court erred in scoring ten points for offense variable ten (OV 10), which applies to the exploitation of a vulnerable victim[5], because:

> [t]he prosecution did not make any showing of exploitation. It merely reiterated the fact that the victim was young and that Mr. Harrison was in a position of authority. The instant crime may have been cruel, nevertheless, this is not an exploitive crime. Taking all the evidence into consideration, this is a straight forward case of child abuse. That is, the defendant struck the child with a stick or a belt harder than is deemed acceptable to some as discipline. The instant crime is not a crime of exploitation. The trial court wrongly scored 10 points for OV 10 and increased the sentencing guidelines. This matter should be remanded for resentencing.

(Pet. Attach. A -B). The Michigan Court of Appeals again rejected Petitioner's argument and stated as follows:

> [C]omplainant's grandmother testified that Harrison would not let her visit the children while her daughter was away. In this manner, Harrison manipulated both his relationship to complainant and complainant's young age to prevent discovery of his abuse. The attempt to prevent discovery could be readily considered a selfish or unethical purpose.

---

[3] Tr., Vol. II, 10/28/03, pp. 52 - 64.

[4] Tr., Vol. II, 10/28/03, pp. 103, 111, 120, 125, and 141.

[5] "Score offense variable 10 [15 points if] [p]redatory conduct was involved." Mich. Comp. Laws §777.40(1)(a). Predatory conduct is defined as "preoffense conduct directed at a victim for the primary purpose of victimization." Mich. Comp. Laws §777.40(3)(a). "'Exploit' means to manipulate a victim for selfish or unethical purposes." Mich. Comp. Laws §777.40(3)(b). "'Vulnerability' means the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation." Mich. Comp. Laws §777.40(3)(c).

6

*Harrison,* No. 253245, 2005 WL 1876377, *1. The Court again agrees and finds support for the allegation that Petitioner did in fact commit acts constituting a crime of exploitation.[6]

In addition to the fact that the record does not support Petitioner's sentencing claim, "a claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review." *See Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *see also Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999); *Thomas v. Foltz*, 654 F.Supp. 105, 106-07 (E.D. Mich. 1987). "[S]tate courts are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Therefore, as a general proposition, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). These claims present a matter of state law which are not cognizable upon federal habeas review. See *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state court determinations on state law questions").

Although state law requires judges to provide a substantial and compelling reason for departing from the sentencing guidelines, *see* Mich. Comp. Laws § 769.34(3) and Mich. Ct. R. 6.425(E)(1)(e), the alleged violation of Michigan law is not a basis for habeas relief. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 68 (citing 28 U.S.C. § 2241 and Rose v. Hodges, 423 U.S. 19, 21 (1975) (*per curiam*)). There also is no constitutional right to individualized

---

[6]Testimony of Cheryl Asher (the complainant's grandmother). Tr., Vol. II, 10/28/03, pp. 71 - 75.

7

sentencing, nor does a criminal defendant have a "federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations. *Doyle v. Scutt,* 374 F.Supp.2d 474, 485 (E.D. Mich. 2004); *United States v. Thomas,* 49 F.3d 253, 261 (6th Cir. 1995). Therefore, to the extent that Petitioner's sentencing claims assert alleged violations of state law in the scoring of OV 7 and OV 10, they are not cognizable on habeas corpus review.

## 2. *Blakely v. Washington* Claim

To the extent that Petitioner alleges that the trial court violated *Blakely v. Washington*, 543 U.S. 296 (2004), his argument likewise fails. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Michigan has an indeterminate sentencing system for most crimes, including that which Petitioner was convicted. The maximum term of imprisonment is set by law. *People v. Drohan*, 715 N.W.2d 778, 789-90 (Mich. 2006).

The Supreme "Court has repeatedly held that, under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence." *Cunningham v. California,* 549 U.S. 270, 127 S.Ct. 856, 863-64, 166 L.Ed.2d 856 (2007). In other words, "the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the

8

defendant." *Id.* at 860.

In support of Petitioner's request for habeas relief, he relies upon the case of *Blakely* in which the U.S. Supreme Court has held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301, citing *Apprendi,* 530 U.S. at 490.

The problem with Petitioner's reliance on *Blakely* is that the case in *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. See *People v. Drohan,* 475 Mich. 140, 160-61 (2006); cert. den. sub nom *Drohan v. Michigan,__* U.S. __, 127 S.Ct. 592 (2006); *People v. Claypool,* 470 Mich. 715, 730, n.14; 684 N.W.2d 278 (2004) (both citing, MCL Mich. Comp. Laws §769.8). "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely,* create a range within which the trial court must set the minimum sentence." *Drohan,* 475 Mich. at 161. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. See *People v. Babcock,* 469 Mich. 247, 255, n. 7; 666 N.W.2d 231 (2003), citing Mich. Comp. Laws §769.34(2). Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool,* 470 Mich. at 730, n. 14.

Michigan's indeterminate sentencing scheme is therefore unaffected by the U.S. Supreme Courts holding in *Blakely*. *Drohan*, 475 Mich. at 164.

Judicial factfinding may not be used to impose a sentence "beyond the prescribed statutory maximum." *Apprendi*, 530 U.S. at 490. As set forth in fn. 7, the trial court did not exceed the maximum penalty for first degree child abuse. Mich. Comp. Laws §750.136b(2). Because Petitioner's sentence is within the statutory maximum[7], the sentencing scheme did not run afoul of the Sixth Amendment, so as to entitle him to habeas relief. See *Chontos v. Berghuis,* 585 F.3d 1000, 1002 (6th Cir. 2009) (the Sixth Amendment rule in *Apprendi* does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum); *Stephenson v. Renico,* 280 F.Supp.2d 661, 669 (E.D. Mich. 2003). Therefore. Petitioner's *Blakely* argument does not support granting habeas relief on this issue.

## B. Fifth Amendment Right Against Self-Incrimination

### 1. Procedural Default

Respondent asserts that Petitioner's Fifth Amendment claim that his right against self-incrimination was violated is procedurally defaulted. The Court agrees. Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the

---

[7]"A person is guilty of child abuse in the first degree if the person knowingly or intentionally causes serious physical or serious mental harm to a child. Child abuse in the first degree is a felony punishable by imprisonment for not more than 15 years." Mich. Comp. Laws 750.136b(2). However, Petitioner was convicted as an habitual offender pursuant to Mich Comp Laws §769.12. Mich. Comp. Laws §769.12(1)(a) states that if the crime is punishable by more than 5 years or life imprisonment or life, then the defendant can be sentenced to a term of life imprisonment or for a lesser term of years. Since Petitioner was sentenced to twelve to thirty years, his term of imprisonment comes within the realm of what is permissible under the statute.

alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner's Fifth Amendment claim is procedurally defaulted due to his failure to place a contemporaneous objection on the record at trial. The United States Supreme Court has recognized that the failure to contemporaneously object is generally a recognized and firmly established independent and adequate state law ground for refusing to review trial errors. *Coleman,* 501 U.S. at 750-51. The fact that the state appellate court may have examined whether the alleged Fifth Amendment violation resulted in "plain error" does not affect the preclusive effect of the procedural bar.[8] See *Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989).

Given that the cause and prejudice inquiry merges with an analysis of the merits of Petitioner's defaulted claim, the Court concludes that it would be most efficient to simply consider the merits of Petitioner's procedurally defaulted claim.

### 2. Suppression of Statement

Petitioner claims that his Fifth Amendment right against self-incrimination was violated when a statement he made to law enforcement officials was introduced into evidence during trial. The Fifth Amendment privilege against compulsory self-incrimination bars the admission of involuntary confessions against the accused. *Colorado v. Connelly*, 479 U.S. 157, 163-164 (1986). Additionally, in *Miranda v. Arizona*, 384 U.S. 436 (1966), the United States Supreme Court held that the privilege against self-incrimination not only

---

[8]The Michigan Court of Appeals evaluated Petitioner's prosecutorial misconduct claim for plain error.

protects individuals from compulsion to testify in a criminal courtroom, but also from "informal compulsion exerted by law-enforcement officers during in-custody questioning." *Id.* at 461. A custodial interrogation means questioning initiated by the police after the person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Id.* at 444. "[T]he initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned." *Stansbury v. California*, 511 U.S. 318, 323 (1994).

To protect the right against self-incrimination of a person in custody, the Supreme Court determined that "[p]rior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." *Pennsylvania v. Muniz*, 496 U.S. 582, 589 (1990) (citing *Miranda*, 384 U.S. at 444). Unless the suspect knowingly, voluntarily, and intelligently waives these rights, any incriminating responses to the questioning will be excluded. *Id.*

The last court to issue a reasoned decision in this case regarding this issue, the Michigan Court of Appeals, rejected Petitioner's argument and held as follows:

> The statements were made after initial questioning by the officers but before defendant's arrest. Although any interview conducted by a police officer has a certain coercive aspect to it, *Miranda* warnings are not required every time a police officer asks questions of a person. In this case, the officers questioned Harrison at his own home. Questioning that occurs at a suspect's home is generally viewed as noncustodial. According to the testimony of the arresting officers, Harrison voluntarily left his home to speak with them when they arrived. The officers did not inform Harrison that he was under arrest. Although Harrison was subsequently arrested, he has presented nothing to indicate that the officers physically restrained him at the time he made the statements, or told him that he was required to answer questions. A defendant's subjective belief that he was not free to leave and was

> required to answer questions is not dispositive. An objective assessment of the totality of the circumstances indicates that Harrison was not under arrest or in custody at the time he made the oral and written statements. Thus, the officers were not required to give Harrison *Miranda* warnings prior to questioning him, and his statements were admissible.

*Harrison,* No. 253245, 2005 WL 1876377, *2.

Police officers are not required to administer *Miranda* warnings to every person they question nor are they required to administer *Miranda* warnings simply because the questioned person is one the police suspect of wrongdoing. *Oregon v. Mathiason,* 429 U.S. 492, 495 (1977). Instead, *Miranda* warnings are required "only where there has been such a restriction on a person's freedom as to render him 'in custody.'" *Id.* Moreover, general on-the-scene questioning by the police concerning facts surrounding a crime or other general questioning of citizens in the fact-finding process does not require *Miranda* warnings. *Miranda,* 384 U.S. at 477-78. Such questioning enables an officer "to determine whether a crime has been committed or is in progress." *Lowe v. United States,* 407 F.2d 1391, 1393-94 (9th Cir. 1969).

Officer Bradley James Lamon was responding to a call at Petitioner's residence (a mobile home) from the aunt of the complainant, a three year old little boy, expressing a concern for the child's safety and welfare. Officer Lamon, along with his partner Officer Joseph Vega, conducted an initial investigation by coming into the home, with the permission of the complainant's mother; observing the complainant on the couch with visible marks, injuries, what appeared to be burns, peeling skin, areas of infection on his legs; and by asking the complainant's mother and Petitioner questions. Tr., Vol. I, 10/27/03, pp. 55 - 68. Petitioner was not under arrest at the time.

*Miranda* warnings were not required. See *Podlaski v. Butterworth,* 677 F.2d 8, 9-10

(1st Cir. 1982). However, during the initial questioning, Petitioner admitted that he "whipped" the complainant several times on his back because complainant was unsuccessful during the "potty-training" process (i.e., complainant was defecating and urinating on himself and the furniture). *Id.* at 66-67. The Family Independence Agency was contacted, the complainant was taken for medical treatment, and Petitioner was arrested. *Id.* at 69. Case law provides that asking a defendant what happened in an emergency situation does not amount to a custodial interrogation which would require *Miranda* warnings. *Vickers v. Stewart,* 144 F.3d 613, 616-17 (9th Cir. 1997). The record supports the appellate court's conclusion regarding the circumstances surrounding Petitioner's statement to Officer Lamon.

Against that backdrop, the Court concludes that Petitioner's statements were properly admitted. Therefore, the Court finds that the Michigan Court of Appeals' decision is not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Petitioner is not entitled to habeas relief regarding this claim.

### C. Ineffective Assistance of Counsel

Petitioner argues that he was denied the right to the effective assistance of counsel because defense counsel failed to: (1) object to the admission of Petitioner's self-incriminating statements set forth above; and (2) object to the admissibility of the complainant's mother's trial testimony as it was protected under the spousal privilege.

To show that Petitioner was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test. In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court sets forth the two-pronged test for determining whether a habeas petitioner has received ineffective

assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland,* a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy,* 99 F.3d 1302, 1311-12 (6th Cir. 1996).

Here, Petitioner argues that his attorney was ineffective because he failed to raise a constitutional challenge to the admissibility of his statements regarding "whipping" the

15

complainant. As set forth above, there was no error in Petitioner's statement being admitted into evidence. Therefore, defense counsel did not err in not objecting to the admission of Petitioner's self-incriminating statements.

Petitioner also contends that defense counsel was ineffective due to his failure to assert spousal privilege in an effort to preclude the admission of any incriminating testimony from the complainant's mother. This argument is likewise without merit as Petitioner and the complainant's mother were not married. The spousal privilege only applies under circumstances where the husband and wife are legally married at the time of the communication. Mich. Comp. Laws §600. 2162; *People v. Schmidt,* 228 Mich. App. 463; 579 NW2d 431 (1998). The Michigan Court of Appeals in this case stated as follows: "[t]his case involves defendant's actions toward complainant, the three-year-old son of **his live-in girlfriend**." *Harrison,* No: 253245, 2005 WL 1876377, *1 (emphasis added). This finding of fact is presumed correct. *Monroe,* 197 F. Supp.2d at 758. Therefore, Petitioner and the complainant's mother were not married, the spousal privilege is inapplicable, and defense counsel was not ineffective for failing to raise the issue at trial. Thus, habeas relief is not warranted relative to Petitioner's ineffective assistance of counsel claim.

### D. Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.[9] 28 U.S.C. §§

---

[9] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides

2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. The court concludes that jurists of reason would not find the court's assessment of the constitutional claims debatable or wrong. The Court thus declines to issue Petitioner a certificate of appealability.

Finally, the court concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal of the Court's decision would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly, the Court will also deny leave to proceed on appeal *in forma pauperis.*

## IV. CONCLUSION

Petitioner has not established that he is in the State of Michigan custody in violation of the Constitution or laws of the United States. Accordingly,

IT IS ORDERED that the "Petition for Writ of Habeas Corpus" [Dkt. #1] is DENIED.

---

that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.

IT IS FURTHER ORDERED that any application for leave to appeal *in forma pauperis* is DENIED.

Dated: March 2, 2010

                                        S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 2, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---